453 P.2d 755

Arthur Charles LeCLERT, Plaintiff-Appel-
lant and Cross-Appellee,

v.

Alice Lindhorst LeCLERT, Defendant-
Appellee and Cross-Appellant.

No. 8700.

Supreme Court of New Mexico.

April 28, 1969.

Louis J. Vener, Albuquerque, for plain-
tiff-appellant.

Harry O. Morris, Albuquerque, for de-
fendant-appellee.

## OPINION

NOBLE, Chief Justice.

This appeal requires our determination as to whether the "retainer pay" to which plaintiff Arthur Charles LeClert, a Naval officer, will become entitled upon his retirement from the Armed Forces after his divorce is community property subject to division in a divorce proceeding.

Plaintiff served as an officer in the United States Navy since 1943, and pursuant to 10 U.S.C.A. § 6323(e) was ordered to be retired on July 1, 1968. He and the defendant Alice Lindhorst LeClert were married in 1949 and were divorced March 12, 1968. The decree awarded the defendant alimony and divided the community property. The court found that 73 percent of the "retirement pay" to which plaintiff will become entitled upon his retirement was earned during coverture, and is, accordingly, community property, one-half of which was awarded to the defendant out of such "retirement pay" when received. The plaintiff has appealed.

Requested findings, that the retirement payments were contingent upon completion of plaintiff's service and that the right thereto would not vest until after termination of the marriage relation, were denied.

10 U.S.C.A. § 6323, so far as pertinent, reads:

"(a) An officer of the Navy or Marine Corps who applies for retirement after completing more than 20 years of active service, of which at least 10 years was service as a commissioned officer, may, in the discretion of the President, be retired on the first day of any month designated by the President.

"*    *    *    *    *    *

"(e) Unless otherwise entitled to higher pay, an officer retired under this section is entitled to retired pay at the rate of 2½ percent of the basic pay to which he would be entitled if serving on active duty * * * multiplied by the number of years of service * * *."

Relying strongly upon French v. French, 17 Cal.2d 775, 112 P.2d 235, 134 A.L.R. 366, the plaintiff argues (1) that the conditions upon which he will become entitled to retirement have not occurred and that, accordingly, his "retirement pay" is only an expectancy, and (2) that the retirement pay is for services to be performed after retirement, rather than for services rendered in the past.

The instant case is readily distinguishable from French upon the difference in facts. In French, the husband, an enlisted Navy man under the Naval Reserve Act of 1938, upon completion of 16 years of service, had been transferred from active service to the Naval Reserve. Upon that transfer, he became entitled to "retainer pay" (39 Stat. at Large, ch. 417, at 590) which Sawyer v. United States (2d Cir. 1926) 10 F.2d 416, 421, held was compensation "'for the obligation on the part of such members to serve in the Navy in time of war or national emergency.'" French pointed out that under the Naval Reserve Act of 1938, the husband, an enlisted man, is entitled to receive, except when on active duty, "pay" based upon the amount he was receiving when so transferred, but that he may be required to perform up to two months' active duty in each four-year period; to submit to physical examination; to obey regulations; to be subject to certain training duty; and may be ordered to active duty. Upon these facts, the California Supreme Court held that the pay received by a member of the fleet reserve is compensation for the demands the government makes upon him as a member of the reserve—not a pension for services which had been performed. See also Taylor v. Gardner, 393 F.2d 257 (8th Cir. 1968).

10 U.S.C.A. § 6323, supra, under which plaintiff was ordered retired on July 1, 1968, makes none of the demands upon him that are made upon Naval men transferred to the Naval Reserve. The single obligation, to be subject to recall to active duty in time of war or national emergency, does not make the pay, which plaintiff is to receive upon retirement, compensation for present or future demands of the government upon him. Retirement pay, as opposed to Reserve retainer pay, is compensation for services rendered in the past. It was not property acquired at the time the plaintiff commenced his service in the United States Navy, as was the policy of life insurance in In re White's Estate, 43 N.M. 202, 89 P.2d 36. The courts today regard retirement plans and retirement pay as a mode of employee compensation. It is an earned property right which accrues by reason of his years of service in the Navy. Mora v. Mora, 429 S.W.2d 660 (Tex.Civ. App.1968); Kirkham v. Kirkham, 335 S. W.2d 393 (Tex.Civ.App.1960); Berkey v. United States, 361 F.2d 983, 987n., 176 Ct. Cl. 1; Morris v. Morris, 69 Wash.2d 506, 419 P.2d 129. Thus, the plaintiff earned a portion of his retirement pay during each year of his Navy service. See Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266; and Moore v. Moore, 71 N.M. 495, 379 P.2d 784. That portion of the retirement pay which was earned during coverture became property of the community.

Furthermore, plaintiff's retirement pay to which he was to become entitled July 1, 1968 cannot be considered a mere expectancy, in the same sense as the enlisted man's retirement pay in French v. French, supra, where he was required to serve

some 14 years in the Naval Reserve with its requirements and demands, all of which were to be fulfilled before he became eligible for retirement pay. Here, plaintiff has been ordered retired. When the retirement date occurs, the pay to be received by him is in payment for services performed, partly during the marriage of the parties. We find no error in the conclusion that 73 percent of the retirement pay was earned during the marriage and, accordingly, constitutes community property when received, § 57–4–1, N.M.S.A. 1953, or in the judgment directing a division of that part of the retirement pay when received.

Plaintiff inherited United States Savings Bonds of the value of $9,000.00 and $7,-410.13 in cash, which the court found he placed "in joint tenancy with his wife for inheritance purposes only," and concluded that placing those "in joint ownership for a limited purpose only did not transmute the same into community property for all purposes," and awarded the bonds and cash to plaintiff as his separate estate. Defendant has cross-appealed.

Generally, the mere opening of a joint account is not sufficient to establish a gift or trust. Menger v. Otero County State Bank, 44 N.M. 82, 98 P.2d 834. Our review of the record convinces us that the court's finding that there was no intent to transmute this separate property of the husband into community property is substantially supported by the evidence. Findings so supported are conclusive on appeal and will not be disturbed. Brock v. Adams, 79 N.M. 17, 439 P.2d 234; Taylor v. McBee, 78 N.M. 503, 433 P.2d 88; and Ortiz v. Jacquez, 77 N.M. 155, 420 P.2d 305.

Finding no error, it follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.

PER CURIAM.

We overlooked awarding attorneys fees to counsel for the appellee. Attorneys fees in the sum of $500.00 are awarded to Alice Lindhorst LeClert as and for fees for her attorney in representing her on the appeal to the Supreme Court. Costs will be assessed against the appellant.