454 P.2d 590

**Ras Lee JOHNSON, Appellant,**

**v.**

**Patty Lou JOHNSON, Appellee.**

**No. I CA–CIV 870.**

Court of Appeals of Arizona.

May 19, 1969.

Alexander Russin, Show Low, for appellant.

Conway T. Ryan, Chandler, for appellee.

KRUCKER, Judge.

Appellant, defendant below, Ras Lee Johnson, was sued by appellee, plaintiff, his wife, Patty Lou Johnson, for divorce. She requested only attorneys' fees and the divorce; no alimony was requested. Defendant dismissed an original counter-claim and requested division of the community property and the declaration of an antenuptial agreement of the parties as void. The court granted plaintiff her divorce and awarded her $1600, plus six percent interest, which she had paid to defendant prior to their marriage for a one-half interest in three horses. Defendant appeals from the award of the $1600 and from the failure of the court to adjudicate the validity of the antenuptial agreement.

Prior to the marriage, the parties entered into an antenuptial agreement. Substantially, it provided that all separate property and rents and profits therefrom would continue to remain the separate property of each married party. The husband agreed to support his wife. Both were to remain independent in regards to all property of each of them coming into the marriage, although each partner agreed to join in any conveyance required by the other as to their holdings without further consideration. The parties agreed to not assert any interest in the other's property at the death of the partner.

The parties remained married approximately 18 months. Divorce was granted, and the court apparently considering all the evidence, found that the husband had contributed his labors to the repairing of plaintiff's extensive property holdings and the plaintiff had actually paid all the house-

hold bills. The court apparently believed no community property had been acquired during the marriage as neither party had worked during the marriage and the only income was that of the wife from her separate holdings.

 Did the trial court err in awarding the wife judgment for the money given the husband for the purchase of an undivided interest in three horses? We think the court did err. There is nothing in the pleadings that raises this as an issue, or any amendment or proposal of an amendment after the evidence was taken for judgment to conform to the proof. There must be a legal theory on which the court can base its judgment in favor of the wife, as to these funds, and we find from an examination of the record no legal theory on which to base this judgment and no legal theory for the judgment. It is true that the wife contributed $1600 for the purchase of an undivided interest in three horses. One of the horses was sold and one died, and the wife may well have some right of action against the husband to determine her interest, but this is completely outside the record in this case.

In this case the court appeared to find a debt of $1600 owing the wife from the husband, from a transaction which arose before the marriage. We have found no cases dealing with this matter and counsel cites none. We believe, however, that the trial court could not award separate money for a debt which arose before the marriage on its own motion.

 We can find no relevance in defendant's allegation that there was an error on the part of the trial court to not adjudicate the validity of the antenuptial agreement. That the agreement may in part have a section illegal under 9 A.R.S. § 25–201, forbidding antenuptial agreements from denying inheritance rights, does not affect this case.

We therefore order that the judgment and decree of November 10, 1967 is affirmed except that the item of $1600 awarded to the wife against the husband be deleted from the decree.

MOLLOY and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.