529 P.2d.292

**Robert L. and Virginia I. MOORE, Petitioners-Appellants,**

v.

**Fred L. O'CHESKEY, Commissioner of Revenue, State of New Mexico, Respondent-Appellee.**

**No. 1233.**

Court of Appeals of New Mexico.

Oct. 9, 1974.

Rehearing Denied Oct. 30, 1974.

Certiorari Denied Nov. 27, 1974.

Robert L. Moore, pro se.

David L. Norvell, Atty. Gen., Susan P. Graber, Vernon O. Henning, Bureau of Revenue, Asst. Attys. Gen., Santa Fe, for respondent-appellee.

## OPINION

LOPEZ, Judge.

This case involves the appeal by taxpayers of an order and decision of the Commissioner of the Bureau of Revenue denying them a refund of income tax paid for the 1968 tax year. We affirm.

Taxpayers claim that § 72–15A–4.1, N.M.S.A.1953 (Repl.Vol. 10, Supp.1973) should be so construed as to exempt a portion of their retirement pay from state taxation, or in the alternative, should be striken as unconstitutional in that it unreasonably discriminates between civil service employees and military personnel.

Section 72–15A–4.1, supra, reads in pertinent part as follows:

"*Exemptions—Annuities to retired federal civil service employees.*—Any annuity paid by the United States of America in an amount of three thousand dollars ($3,000) a year, or less, to a retired civil service employee or his survivor on and after January 1, 1967, is hereby exempted from income taxation by this state . . .."

This statute applies only to annuities. Generally speaking, an annuity designates

a right to receive fixed, periodic payments either for life or a term of years. Re Dwight's Estate, 389 Pa. 520, 134 A.2d 45, 67 A.L.R.2d 1382 (1957). Annuity payments are derived, at least partially, from funds upon which an income tax has already been paid. Fitzpatrick v. State Tax Commission, 15 Utah 2d 29, 386 P.2d 896 (1963). Ordinarily, if an employee has paid nothing into the annuity fund, his receipts from the annuity are fully taxable to him as income. 26 U.S.C. § 72(d), and I. R.S. Regulation § 1.72.1.

■ Regular military retirement pay is not an annuity, per se, and must have been placed in such a fund by the earner or recipient in order to qualify as an annuity. 26 U.S.C. § 122. As the Supreme Court has stated in LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969):

"... Retirement pay ... is compensation for services rendered in the past. ... The courts today regard retirement plans and retirement pay as a mode of employee compensation. It is an earned property right which accrues by reason of [plaintiff's] years of service in the Navy. ... [cases omitted]."

Such income is clearly taxable upon receipt as compensation. Goethals v. United States, 147 F.Supp. 757, 137 Ct.Cl. 351 (1957).

■ The "annuity" to which a retired member of the United States armed forces is entitled has a restrictive meaning, one which distinquishes it from retirement pay. The retired member of the armed forces himself (or herself) receives retirement pay, or "monthly retired pay," when he (or she) retires from the service. 10 U.S.C. § 1331. In contrast, the annuity is payable *not to the retired member of the armed forces himself (or herself), but, instead, to the spouse and/or surviving children.* 10 U.S.C. § 1434. A retired member of the armed forces obtains an annuity for his spouse and/or children only by explicitly electing to set aside a segment of his retirement pay for this purpose. 10 U.S.C. §§ 1431–1437. Robert Moore has not so elected; and the above cited sections of the United States Code make clear that the retirement pay which he and his wife have been receiving is not, itself, an annuity.

In the case at bar, taxpayers' income is received as regular military retirement pay and not under a military annuity contract. No portion of this income is shown to have been contributed by taxpayers from previously taxable earnings. The retirement income received by taxpayers in 1968, was, then, fully taxable; and the commissioner was correct in denying any refund for that tax year.

We do not reach the question whether armed forces personnel may be considered civil service employees for purposes of § 72–15A–4.1, supra. It is clear that even if they were, the income to be exempted would have to be classed as an annuity payment. The taxpayers' income in this case is not of that type.

The order and decision of the commissioner is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.