529 P.2d 762

**Mary ROEBUCK, Plaintiff-Appellant,**

v.

**Vincent E. ROEBUCK, Defendant-Appellee.**

**No. 9950.**

Supreme Court of New Mexico.

Dec. 20, 1974.

Larry Buchmiller, Albuquerque, for plaintiff-appellant.

Turpen, Hunt & Booth, David E. Booth, T. L. Hunt, Albuquerque, for defendant-appellee.

OPINION

OMAN, Justice.

The basic issue to be resolved on this appeal is whether the district court erred in holding that defendant's military retirement income was his separate property. We affirm.

Defendant, a resident of the Virgin Islands, entered the military service of the United States on March 3, 1947. He and plaintiff were married in February 1948. He retired from military service on May 31, 1971, at Fort Dix, New Jersey.

During his more than twenty-four years of service, he was officially stationed from time to time in several states of the United States and in several foreign countries. During all these years, he considered his residence as the Virgin Islands; he and his wife,, the plaintiff, paid income taxes each year to the Virgin Islands; he at no time intended to change his residence from the Virgin Islands to New Mexico or to

any other state or country in which he was stationed; and he was discharged from the military service as a resident of the Virgin Islands.

He served two tours of official duty in New Mexico. The first was from July 1956 to January 1960, and the second was from March 1967 to May 1970. It is plaintiff's contention that at least that portion of defendant's military retirement income which he had earned during the times he was stationed in New Mexico, except for the first year of each duty tour, became community property under New Mexico law, and that she is entitled to have one-half thereof distributed to her as her share of this claimed community property. She relies primarily upon our decisions in LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969); Wallace v. Wallace, 63 N.M. 414, 320 P.2d 1020 (1958) and Crownover v. Crownover, 58 N.M. 597, 274 P.2d 127 (1954) and on ch. 107, § 1 [1951], Laws of N.M. 166, which appears as § 22–7–4, N.M.S.A.1953. This statute was in effect during the period of defendant's military service in New Mexico and provided:

> "22–7–4. *Residence requirement.*—The plaintiff in action for the dissolution of the bonds of matrimony must have been an actual resident, in good faith, of the state for one (1) year next preceding the filing of his or her complaint; Provided, however, that in a suit for the dissolution of the bonds of matrimony wherein the wife is plaintiff, the residence of the husband in this state shall inure to her benefit and she may institute such action setting up any of the causes mentioned in section 2773 (25–701) [22–7–1] immediately after the accrual thereof, providing her husband shall have been qualified as to residence to institute a similar action; *and Provided further, persons serving in any military branch of the United States government who have been continuously stationed in any military base or installation in the state of New Mexico for such period of one (1) year, shall for the purposes hereof, be deemed residents in good faith of the state and county where such military base or installation is located."* [Emphasis added]

The emphasized provision, relating to military personnel stationed in New Mexico, is the portion of this statute upon which plaintiff particularly relies. Her claim is that by reason of this statute the inescapable conclusion is that defendant acquired "military domicile" in New Mexico after being stationed here for one year, and this claimed "military domicile" operated to convert into community property his retirement income earned during the periods of July 1957 through December 1959 and March 1968 through May 1970. She also contends that defendant was at all times after July 1957 domiciled in New Mexico. However, we do not consider this last stated contention, since we hold defendant at no time acquired residence or became domiciled in New Mexico.

Clearly, the above quoted and emphasized provision of § 22–7–4, supra, relates only to the jurisdictional requirement of residence for the maintenance of an action for the dissolution of the bonds of matrimony. The residence and domicile relied upon by defendant in his suit for divorce filed April 27, 1973, was that of his actual and established residence and domicile in New Mexico for the six-month period immediately preceding the filing of his complaint as required by § 22–7–4(A) & (B), N.M.S.A.1953 (Supp.1973). This six-month period was long after his retirement from the military service on May 31, 1971. Thus, we are not here concerned with what effect a reliance upon the above quoted statutory language pertaining to military residence for divorce purposes might have had upon the property rights of the parties.

Nothing said in our opinion in LeClert v. LeClert, supra, suggests support for plaintiff's position. Neither domicile nor residence was a question in that case. In Wallace v. Wallace, supra, domicile was held not to be a jurisdictional essential for the granting of a divorce or the awarding of child custody. No question was raised

as to the property rights of the parties. The question in Crownover v. Crownover, supra, involved the sufficiency of the plaintiff's residence to bring him within the provisions of the then statute prescribing the residence requirement for the maintenance of a suit for divorce. No property rights were involved.

As already stated, plaintiff relies entirely upon her claim that defendant became domiciled in New Mexico pursuant to the provisions of § 22–7–4, supra, by reason of being stationed here on two occasions, and that this domicile operated to make a portion of his military retirement income community property under New Mexico law.

It is apparent that defendant at no time during his many years of military service intended to establish or did establish his domicile or residence in New Mexico.

Plaintiff requests that we award her $1,000 as attorney fees for prosecuting this appeal. In view of the result we reach, we find no basis or reason for making such an award.

The judgment of the trial court should be affirmed.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.