571 P.2d 1037

**Leavy Calvin NEAL, Appellant,**

v.

**Judith Louise NEAL, Appellee.**

**No. 2 CA–CIV 2200.**

Court of Appeals of Arizona, Division 2.

Oct. 29, 1976.

Rehearings Denied Nov. 23, 1976.

Review Granted Dec. 21, 1976.

Stompoly & Even, P. C. by James L. Stroud, Tucson, for appellant.

Richard R. Forcier, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Four points are raised by appellant arising from the divorce decree and its award of spousal maintenance and division of the community property.

The parties were married December 31, 1952, in Gutherie, Oklahoma, and had three children. Appellant, at the time of the divorce proceeding, was a technical sergeant in the Air Force and was scheduled to retire on July 31, 1975, with a pension of $400 a month. He was in the Air Force approximately five months prior to mar-

riage. The decree was entered December 3, 1975.

Appellant's first contention of error is the trial court erred in awarding $1 a month spousal maintenance to appellee commencing December 1, 1975, until further order of the court. He claims that the requirements of A.R.S. Sec. 25–319, insufficient property and inability to support oneself, were lacking. Testimony showed that appellee worked as a cleaning person for a construction company and her net take-home pay was $51.78 each week. The award of support and maintenance is addressed to the sound discretion of the trial court and will not be disturbed unless it is clear an injustice has been done. *Cummings v. Lockwood*, 84 Ariz. 335, 327 P.2d 1012 (1958). It is inconceivable that a $1 a month spousal maintenance can be viewed as an injustice in the light of appellee's take-home pay.

Appellant next challenges the court's ordering him to pay all medical bills incurred in connection with appellee's hysterectomy, which bills were incurred prior to October 21, 1975. The basis of appellant's complaint is the following provision of the decree:

"11.  That each party shall be responsible for any and all debts he or she has incurred individually since October 9, 1974, and that each party shall indemnify and hold the other party harmless therefrom."

Appellant cites *Johnson v. Johnson*, 9 Ariz. App. 542, 454 P.2d 590 (1969), for the proposition that where nothing is raised in the pleadings regarding the issue of the husband's debt to the wife incurred prior to the marriage, the court could not on its own motion order payment by the husband. First, the decree specifies only that those debts assumed for things which do not benefit the community shall remain separate. A surgical operation done on one of the spouses prior to divorce obviously is a debt of the community and the decree does not

apply to it.[1] Second, the pleadings sought compensation for such further items as the court deemed appropriate so the facts here are not similar to *Johnson*, supra.

The third point raised is that the trial court abused its discretion in its division of the community property. In *Hatch v. Hatch*, 113 Ariz. 130, 547 P.2d 1044 (1976), the court's discretion in such matters was recognized as very broad and not to be disturbed absent a clear abuse of that discretion. Appellant claims that the evidence established his total income after retirement would be $400 a month and that half of that was to go to appellee as her community property share. In addition, he was ordered to pay $100 a month child support for two children living with appellee and support for the third child living at the Arizona Training Center. However, the trial court heard testimony that appellant held an Arizona real estate salesman's license and was an experienced bartender. Under these circumstances, the court was justified in believing that when appellant retired from the Air Force, he would be able to devote more time to these pursuits and substantially supplement the $400 a month figure. Therefore, we can see no abuse of discretion especially in light of our treatment of the appellee's interest in the pension.

The trial court found that the $400 a month pension was community property and that one-half of each payment belonged to appellee as her vested one-half interest. Appellant challenges that portion of the decree on the basis that during five months of the time he was in the Air Force and accruing the pension, he was single. However, it seems to us there is a much more significant question posed. Retirement pay is compensation for services rendered in the past and is a mode of employee compensation, subject to community property rights. *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969); *Miser v. Miser*, 475 S.W.2d 597

1.  Due to appellant's military benefits, the entire bill complained of consists of approximately $25.

(Tex.Civ.App.1971); 15 Am.Jur.2d 858, Community Property, Sec. 46. The rights acquired in the pension are deemed so acquired during each year of military service. *LeClert,* supra; *Campbell v. Campbell,* 62 N.M. 330, 310 P.2d 266 (1957); *Moore v. Moore,* 71 N.M. 495, 379 P.2d 784 (1963).

█ Under A.R.S. Sec. 25–213, property acquired prior to marriage would be separate property of that spouse. Also, any property acquired where the marital domicile was not in a community property state would be governed by the laws of that state and not Arizona. Here, the parties were married in Oklahoma, a non-community property state. The record does not reflect how long they remained in Oklahoma or whether they immediately came to Arizona. It may be that most of the years of marriage were spent in non-community property states and, if so, the division of the pension would not be 50–50, but another division reflecting a much lower community property interest of appellee. That portion of the retirement income earned during coverture and subject to community property interest rights is the portion in which appellee has her one-half interest. *Everson v. Everson,* 24 Ariz.App. 239, 537 P.2d 624 (1975). Since the record does not contain the pertinent information, the case is remanded to the trial court for a determination of the portion of the pension attributable to the community and to conform the decree to such determination. The decree is affirmed in all other respects.

Affirmed in part, reversed and remanded in part.

HOWARD, C. J., and KRUCKER, J., concur.