Philip G. BODENHORN,
Plaintiff-Appellee,

v.

Patricia McColm BODENHORN,
Defendant-Appellant.

No. 77-2449
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1978.

Jack B. Hood, Balboa, Canal Zone, for defendant-appellant.

Justice L. Rovin, Balboa, Canal Zone, for plaintiff-appellee.

Capt. Philip Bodenhorn, pro se.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant cross-claimant in this Canal Zone divorce action appeals the denial of her request that her husband's nonvested United States Army retirement benefits be ratably divided as community property. The issue was presented in defendant's answer and cross-complaint. In a detailed order assessing the financial responsibility of the parties, the court decreed that

the Separation Agreement dated February 5, 1976, is approved and incorporated into their order as a fair and equitable division of the community property of the parties; that in addition, the plaintiff shall pay to the defendant the sum of $525.00 for six months, after the expiration of the said agreement; [and] that the defendant shall not be entitled to any of the plaintiff's pension rights or benefits . . . .

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Recent decisions from community property states hold that pension rights, both vested and nonvested, constitute community assets to the extent that such rights derive from employment during marriage. *In re Marriage of Brown,* 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976) (in bank); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex. Sup.Ct.1976); *Swope v. Mitchell,* 324 So.2d 461 (La.App.1975); *LeClert v. LeClert,* 80 N.M. 235, 453 P.2d 755 (1969). We find the reasoning of these decisions compelling and hold that plaintiff husband's nonvested pension rights were subject to division in the instant dissolution proceedings. Thus, although the Canal Zone district court has discretion to divide community property "in such proportions as the court, from all the facts of the case, and the condition of the parties, deems just," C.Z. Code tit. 8, § 239(a), it must recognize pension rights as community property and take them into account as such when dividing the marital estate.

In this case it is unclear from the language of the decree whether the court considered the husband's military pension rights as community property. If it did, nothing in the record indicates that the court otherwise abused its discretion in denying defendant's request for benefits. On the other hand, the decree can be interpreted as approving the parties' division of *all* the community property and then denying defendant benefits under the pension as being the husband's separate property. Indeed, since the quoted language appears in the "conclusions of law" section of the order, it could be construed as holding that the wife is not entitled to pension benefits as a matter of law.

In view of this ambiguity, we vacate so much of the decree as covered a division of the property, and remand to the district court for consideration of the husband's military pension rights in reaching a just division of the community property. · If the court did in fact recognize the pension rights as community property in its distribution of the marital estate, it can simply issue an amended order specifically so stating. If it did not, then a reconsideration of the division of the community property can be made.

VACATED AND REMANDED.