In April 1994, the trial court divorced the parties after a 12-year marriage, awarding to the wife custody of the parties' 2 minor children and making certain property divisions. On May 11, 1994, the trial court, ex mero motu, amended its judgment, finding "that under the circumstances, retirement income of the [husband] will not be considered for division as a property settlement or for alimony since the [husband's] right to retirement has not yet vested and the [husband] has only the possibility of future retirement income since he has not yet retired." The wife appeals, contending that the trial court abused its discretion in refusing to consider the husband's future military retirement for purposes of alimony and property division.
The husband testified that he was in the United States Army and that he had been in the military for 18 years and 2 months. He also testified that he had less than two years remaining to serve before he would be eligible to retire and to receive military retirement benefits.
The law is well settled that a trial court's discretionary ruling concerning property division in a divorce will not be disturbed on appeal except for a palpable abuse of discretion.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Further, the division of property is not required to be equal, but it must be equitable in light of the evidence, considering the proper factors. Id. What is equitable is a discretionary determination by the trial court. Ross v. Ross, 447 So.2d 812
(Ala.Civ.App. 1984). In determining its awards, the trial court may consider many factors, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). In addition, it is well settled that the element of fault can be considered as a factor in property division.Linden v. Linden, 516 So.2d 675 (Ala.Civ.App. 1987). This is the case even when the divorce was not granted on the basis of fault. Mangina v. Mangina, 585 So.2d 1383 (Ala.Civ.App. 1991).
Our Supreme Court in Ex parte Vaughn, 634 So.2d 533 (Ala. 1993), changed the law governing the treatment of military retirement benefits in Alabama by holding that "disposable military retirement benefits . . . accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parteVaughn, at 536. Vaughn, however, did not address whether the retirement *Page 877 
benefits must be vested or matured before they can be considered a marital asset subject to division as marital property. For the reasons set out below, we conclude thatEx parte Vaughn logically extends to include retirement benefits that have not yet vested. For courts to consider only those benefits that have vested could allow an abuse of our system by spouses who strategically plan a divorce before their benefits vest in order to shield them from a property division. This is especially true in cases where one spouse helped significantly to further the other's military career and the benefits represent the parties' greatest economic asset.
A survey of the jurisdictions that have addressed the issue present two different views. Some courts have held that pension rights are not divisible unless vested. See, e.g., Hiscox v.Hiscox, 179 Ind. App. 378, 385 N.E.2d 1166 (1979); and Georgev. George, 115 N.C. App. 387, 444 S.E.2d 449 (1994).
We believe the better view, however, is that military nondisability retirement pay, whether or not vested, constitutes a marital asset subject to division upon the dissolution of the marriage. See, e.g., In re Marriage ofHarrison, 13 Kan. App. 2d 313, 769 P.2d 678 (1989); Cearley v.Cearley, 544 S.W.2d 661 (Tex. 1976); Poe v. Poe, 711 S.W.2d 849
(Ky.App. 1986); LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755
(S.Ct.N.M. 1969); Miser v. Miser, 475 S.W.2d 597 (Tex.Civ.App. 1971); Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App. 1968); andIn re Marriage of Brown, 15 Cal.3d 838, 544 P.2d 561,126 Cal.Rptr. 633 (1976).
We believe that a benefit right, whether or not it is vested, constitutes an asset that should be shared and, therefore is subject to division upon divorce. The Court of Civil Appeals of Texas held in Mora, supra, that retirement benefits were not gratuities, but earned property rights. There, the husband had not retired from military service, but had completed over 25 years of service with over 14 of those years being served during the marriage. The court held that the husband obtained a property right, even though the vested benefits were not payable at the time of the divorce and might never be received if the husband was dishonorably discharged or died before his actual retirement. The court pointed out that the possibility of forfeiture did not reduce the benefits to a mere expectancy, but instead made them subject to division as property.
Further, in LeClert, supra, the Supreme Court of New Mexico approved the award of an interest in military retirement benefits of the husband as community property. There, as here, the retirement payments were contingent on the husband's completion of service, and his right to them would not vest until after the termination of the marriage. Likewise, inMiser, supra, the Texas Court of Civil Appeals upheld a division of retirement pay where the husband had served approximately 18 and one-half years in the military at the time of the divorce. The court held that if the husband served at least 20 years, the retirement benefit that accumulated during the marriage would be community property.
We hold that one's right to retirement benefits is a contractual right, subject to a contingency, and is a form of property. A contrary holding would produce inequitable results. This was recognized by the California Supreme Court in In reMarriage of Brown, supra, 15 Cal.3d at 847, 544 P.2d at 566, 126 Cal.Rptr. at 638:
 "Over the past decades, pension benefits have become an increasingly significant part of the consideration earned by the employee for his services. As the date of vesting and retirement approaches, the value of the pension right grows until it often represents the most important asset of the marital community. A division of community property which awards one spouse the entire value of this asset, without any offsetting award to the other spouse, does not represent [an] equal division of community property. . . ."
(Citations omitted.)
Further, retirement benefits can be mathematically ascertained. Courts have developed formulas for valuation of nonvested military retirement pay, for example, awarding ownership based on the number of months the marriage lasted, divided by the total number of months of military service that *Page 878 
can be counted toward retirement. See Carranza v. Carranza,765 S.W.2d 32 (Ky.App. 1989). Another formula sets an amount to be paid in monthly installments, based on the number of years of the marriage, divided by the number of years in military service, times one-half the retirement pay when retirement occurs. See Bullock v. Bullock, 354 N.W.2d 904 (N.D. 1984). Using this latter formula, a court can award each spouse an appropriate portion of each retirement payment as it is paid, without computing the present value of the retirement and with each person equally dividing the risk if the pension fails to vest.
Although the equitable distribution of marital assets is a matter left to the discretion of the trial court, the court should consider potential nondisability retirement pay a marital asset for the purpose of equitably distributing marital property in cases where a military career and earning ability were enhanced during the course of a marriage. This opinion should not be read to require distribution of military retirement pay in this instance. However, we reverse the judgment of the trial court and remand the case for the trial court to consider the husband's retirement benefit in its division of the marital property. The husband's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
THIGPEN, J., concurs in the result.
ROBERTSON, P.J., and MONROE, J., dissent.