757 So.2d 450 (2000)
George James KEFF
v.
Pamela B. KEFF.
2981413.
Court of Civil Appeals of Alabama.
January 7, 2000.
John M. Wood and Michael A. Anderson of Wood & Shaw, L.L.C., Birmingham, for appellant.
*451 Hewitt L. Conwill, Columbiana, for appellee.
THOMPSON, Judge.
On May 6, 1999, the trial court entered a judgment divorcing the George J. Keff ("the husband") from Pamela B. Keff ("the wife") after eight years of marriage. The husband filed a postjudgment motion, in which he requested, in part, that the trial court clarify its judgment as it pertained to the stock options the judgment had awarded to the wife. In response to that motion, the trial court entered an order amending the final judgment of divorce.[1] The husband appeals from that judgment, complaining of the property division and the alimony provisions.
The husband contends that the trial court erred in awarding his nonvested stock options to the wife. The specific portion of the judgment the husband objects to provides as follows:
"7. OTHER PERSONAL PROPERTY

"A. [The wife] is entitled to one half (½) of the Charles Schwab stock options (both vested and non-vested) as of the date of the decree.
"To be exercised as follows:
"Stock options in which the defendant has a vested interest as of the date of this decree:
"1. [The wife] may elect to pay to the [husband] the option price for one-half (½) the vested shares. The [husband] shall within 10 days of receipt make the required arrangements to acquire the shares and transfer the stock to the [wife]."
"Or
"2. [The wife] may in writing inform [the husband] of her intent to cash out her share of the vested stock, [the husband] shall pay to her the market value within 10 days of the written notice (which shall be the market value at the date of the receipt of the notice) less the option price within 10 days of the written notice. [The wife] may make such election at any time to the vested stock options.
"[The wife] must make an election within 10 days of written notice by [the husband] that he intends to exercise an option with regard to any particular grant.
"Stock options in which [the husband] had a non-vested[2] interest as of the date of this decree:
"1. The [wife] may acquire her share in any currently non-vested share by exercising option numbers one or two above within 30 days of vesting such grant or shares.
"Or
"2. Within 30 days of the decree [the husband] may pay to [the wife] the present value (based on the vesting date and the current market value less the option price) of one-half (½) of the non-vested shares."
(Emphasis original.)
The husband contends, citing as authority Kabaci v. Kabaci, 373 So.2d 1144 (Ala. Civ.App.1979), that the award to the wife of nonvested property is clearly impermissible under Alabama law. Kabaci was overruled by our supreme court in Ex parte Vaughn, 634 So.2d 533 (Ala.1993). Further, a subsequent opinion authored by Judge Yates, with Judge Crawley concurring, Judge Thigpen concurring in the result, and Presiding Judge Robertson and Judge Monroe dissenting, stated that nonvested retirement benefits could be considered a marital asset, subject to division. Jackson v. Jackson, 656 So.2d 875 (Ala. Civ.App.1995).
*452 In the present case Charles Schwab & Company, the husband's employer, had granted him restricted stock options as additional compensation and as an incentive for him to remain with the company. The options allowed the stock to be purchased for a predetermined period of time, at the current market value. In the event the stock price had increased, the employee could exercise the option to purchase the stock and realize an immediate gain by selling the stock for the higher market value. The employer could not withdraw these options, but the husband could lose the value of the options by failing to exercise them, or by being terminated from, or voluntarily leaving, his employment. The record indicates that the husband earned the stock options during the course of the marriage and that those options served as a significant source of income during the marriage. The husband testified that in 1997, his income from salary was $82,000 but that the amount he earned from exercising his stock options was $39,000. We recognize that the value associated with these stock options could be forfeited by the occurrence of certain contingencies, such as the husband's termination or resignation from his employment. Nevertheless, we conclude that this factor does not deprive the property of its status as a marital asset. These stock options constitute a form of deferred compensation or incentive bonus and, as such, were correctly considered by the trial court as marital assets, subject to division.
The husband argues that the judgment enables the wife to demand immediate payment for nonvested options, which he says he would be unable to make. After closely reviewing the pertinent portion of the trial court's judgment, however, we conclude that this argument is without merit. The portion of the judgment addressing the stock options was drafted by the trial court to avoid such an inequitable result. The language of the provision makes it clear that the wife may not exercise an option with respect to nonvested options. Although the second paragraph of the provision pertaining to the nonvested options allows the husband to pay the wife for ½ the value of the nonvested options on the date of the judgment, this provision is strictly optional. We conclude that the judgment in no way obligates the husband to compensate the wife for any stock option that has not reached maturity.
The husband also argues that the trial court erred in valuing the stock options as of the date of the final judgment; he claims that the trial court should have calculated the value of the stock options as of the date of the couple's separation. He cites no authority in support of this contention. An appellant's failure to cite supporting authority for his or her arguments leaves this court with no alternative but to affirm. Rule 28(a)(5), Ala. R.App. P.; Pierce v. Helka, 634 So.2d 1031 (Ala.Civ. App.1994).
The husband further challenges the propriety of the trial court's award to the wife of periodic alimony and its division of marital debt. Specifically, he argues that the court erred in making him responsible for the parties' credit-card debt, because, he says, the wife had incurred a majority of that debt after the couple separated. In addition, he claims that the wife has a significant ability to earn income and argues that awarding her $500 per month in periodic alimony, in light of her earning ability, was improper. He also claims that the trial court should have considered his allegations of the wife's sexual misconduct and her extravagant spending habits in fashioning its alimony award.
It is well established that in a divorce action matters such as alimony and the division of marital property are committed to the sound discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987); Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). Further, the trial court's decision, based on evidence presented ore tenus, is presumed correct, and this court will not reverse such a decision absent a showing *453 of an abuse of discretion. Id. A division of marital property and an award of periodic alimony are interrelated; therefore, we must consider the entire judgment in determining whether the trial court abused its discretion in regard to either of those items. Montgomery, supra. Trial courts should consider relevant factors in making property or alimony awards, including the financial circumstances of the parties; the length of the marriage; the source of their common property; the age and health of the parties; the parties' future prospects; the standard of living the parties enjoyed during the marriage and their potential for maintaining that standard after the divorce; and, where applicable, the conduct of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
The record indicates that the wife, after the parties separated, incurred the credit-card debt buying food and clothing, making the mortgage payments and repairs on the home, and paying college and private-school tuition and other related expenses. No evidence in the record supports the husband's claims that the wife spent this money frivolously. At the time of their separation, the wife was employed by the American Lung Association at a salary of $33,000 per year. Shortly after the separation, the wife lost her job at the American Lung Association because of "downsizing" and took a minimum-wage job for several months, until she secured her current job as regional director of the American Liver Association. She earns an annual salary of $41,000 in her current job. We find no abuse of discretion in the trial court's division of the marital debt.
The judgment is affirmed.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs specially.
ROBERTSON, P.J., concurs in the result.
MONROE, Judge, concurring specially.
I write only to distinguish this case from Jackson v. Jackson, 656 So.2d 875 (Ala. Civ.App.1995), in which I wrote a dissenting opinion.
In Jackson, I would have affirmed the judgment in which the trial court declined to consider the husband's military retirement benefits in dividing the marital property because those benefits had not yet vested. In this case, the trial court fashioned its judgment to ensure that the wife would not be entitled to exercise any options or make any claim to certain stocks until those options vested. The judgment also gave the parties leeway on how to divide their interest in the stock options once those options vested.
The judgment in this case is written in such a way as to prevent the possible inequities that could result from dividing property that the parties do not yet have an interest in, which was my concern in Jackson. Therefore, I agree with the majority's decision to affirm the judgment.
NOTES
[1] The court amended the judgment to provide that the party receiving any benefit from the stock options shall be responsible for any resulting tax consequences.
[2] The record indicates that the only manner in which these stock options are nonvested is that they cannot be exercised until a certain amount of time has passed from the time the options were issued.