In this no fault divorce case, the wife appeals from the final judgment and argues that the trial court abused its discretion in dividing the property of the parties and in failing to grant periodic alimony to her.
After reviewing the record pursuant to the applicable presumptions as to the decision of the trial court, the following facts are revealed.
The couple was married in 1975 or 1976. They separated in 1986. No children resulted from their marriage. The wife has a daughter by a previous marriage who is now eighteen years of age and whom the husband supported during the marriage.
Both parties are high school graduates. Their ages are not disclosed by the record.
The husband has not worked full time since 1983. For the past four years his only real employment has been part time as a captain in the Army Reserve. He has also performed odd jobs such as clearing brush, raking leaves, carpentry, plumbing, vehicle repair, and the cleaning of gutters, roofs, and concrete floors. During 1986 the husband was paid for one hundred and eighty-four active duty days with the Army Reserve and earned between $17,000 and $18,000 from that source. The husband testified that, as a result of policy changes as to active duty days for reservists, he was on active duty for only six days between October 1, 1986 and March 17, 1987, *Page 526 
the divorce trial date. He estimated that his 1987 income from active duty would amount to only $2,400. The husband injured his back in February 1987 and he did no further odd-job work between then and the trial of the case.
Before the marriage the wife was gainfully employed full time. She did not work while the parties resided together. At the time of the trial the wife was seasonably employed as an income tax return preparer, but she expected that her job would terminate on April 15, 1987. The wife contracted glaucoma and a heart condition prior to the marriage, but both diseases are medically controlled and do not limit or impair possible full time employment, which she is actively seeking.
The husband was awarded, via the divorce judgment, the property which he had owned prior to the marriage, the property which he inherited from his great aunt, his gun reloading equipment, a child's bedroom suite, one television set, a portable VCR and camera, a 1976 pickup truck, a 1961 automobile, a lot which had been a gift to the parties from the husband's parents, and one or two shares of A.T. T. stock.
The judgment required the husband to pay a store account of $1,200 and a loan of $7,700 from his mother to the parties.
The husband owned certain stock prior to the marriage, and he inherited other stock from his great aunt. All of such stock was included in the property awarded to him. He had sold that stock for approximately $34,750 during the separation of the parties. From those proceeds, the husband paid marital debts amounting to $12,500, gave his mother between $1,200 and $1,500 for the wife's use and benefit, paid a debt to his brother, loaned or gave $10,000 to his brother, retained $7,500 at the time of the trial, and spent the remainder. During the marriage, the cash dividends from his stock were used for family purposes.
The wife received the master bedroom suite, one television set, the washer and dryer, the living room suite, the microwave, and three automobiles.
No value was placed upon most of the items of personal property which were specifically awarded to the respective parties. However, it is obvious that the award to the husband exceeded that to the wife.
The trial court further ordered that the following property be sold, with the net proceeds therefrom to be divided equally between the parties: a large chest freezer, a riding lawnmower, and one acre of land together with the following items situated thereon — a double-wide mobile home, a single-wide mobile home, and two metal storage buildings. The value of the property to be sold was estimated to be as much as $65,000.
No periodic alimony was awarded to the wife.
The issues concerning a division of the property and the award of periodic alimony both fell within the trial court's discretion, and we are not authorized to disturb the decision of the trial court unless that discretion was palpably abused. Additionally, we must apply the presumption which arises from the ore tenus trial that the final judgment was factually correct if it was supported by credible evidence.Spradlin v. Spradlin, 426 So.2d 462 (Ala.Civ.App. 1983). While a division of property does not have to be equal, it must be equitable. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App. 1986). A property division and the division as to periodic alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Giles v. Giles,512 So.2d 1380, (Ala.Civ.App. 1987).
We have read, studied, and considered all of the evidence and the respective briefs of able counsel. In light of the above rules, we are not able to hold that the property award to the wife was so inequitable that the trial court abused its discretion in that regard.
There was evidence before the trial court that the husband's income has been so drastically reduced that the standard of living which existed during the marriage is no longer maintainable. After considering the evidence and all relevant factors, we *Page 527 
are uncertain whether or not some award of periodic alimony should have been made. Therefore, we cannot say that the trial court was palpably wrong. The ore tenus presumption of correctness prevails. Giles, supra.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.