This is a divorce case.
After 25 years of marriage, the husband filed a complaint for divorce alleging incompatibility and seeking a fair division of the marital assets. The two children born of the marriage are now adults and are not factors in this case. After an ore tenus proceeding, the trial court divorced the parties and made a property division and an alimony award. The husband appeals.
The husband raises several issues on appeal. However, the dispositive issues are whether the trial court abused its discretion in the award of alimony, and whether the trial court erred in the property division.
The husband contends that the trial court erred when it ordered alimony for the wife, and when it awarded to her real property, which he claims was not an asset of the marriage. He does not dispute the fact that the property has been substantially reworked and improved from commingled funds of the marriage, including joint savings, which were significant assets of the marriage before being invested in this property.
We begin by noting that when evidence is presented ore tenus to the trial court, the judgment is presumed correct and we will affirm it absent an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988). Further, matters such as alimony and the property division pursuant to divorce rest soundly within the discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused. Montgomery v.Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). The issues concerning alimony and the division of property are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery,supra. The trial court may consider many factors in making its alimony award, including the conduct of the parties. Lones v. Lones,542 So.2d 1244 (Ala.Civ.App. 1989). The property division need not be equal but must be equitable in light of the evidence, and a determination of what is equitable rests within the broad discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App. 1984).
We pretermit a lengthy discussion of the facts here in light of the numerous cases on this subject, as such a discussion would add nothing to existing law. After thoroughly reviewing the entire record with the attendant legal presumptions, we are not persuaded that the trial court abused its discretion in making the alimony award and the property division. There is sufficient evidence in the record to support the trial court's judgment. Accordingly, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 1364