THIGPEN, Judge.
This is a divorce case.
Patricia Bertram (wife) filed for divorce from her husband, Jeffrey Lynn Bertram, seeking, inter alia, that the property acquired during the marriage be equally divided. The husband answered and also counter-claimed for divorce. After an ore tenus proceeding, the trial court divorced the parties and ordered a property division. The wife appeals.
The single issue raised by the wife in this appeal is whether the trial court abused its discretion in the division of the marital property.
At the outset, we begin by noting that when a trial court’s judgment follows the presentation of evidence ore tenus, a presumption of correctness automatically attaches. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). That judgment will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong. Blankenship, supra. The issue concerning a division of property falls soundly within the discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Additionally, the issues of alimony and property division are interrelated *690 and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery, supra. Further, the property division pursuant to divorce is not required to be equal, but must be equitable. Montgomery, supra.
A detailed recitation of the facts in this case is unnecessary in light of the numerous existing cases on this subject. The parties to this appeal have been involved with each other almost a decade, and, have been married to, and divorced from, each other before, with this second marriage to each other lasting approximately two and a half years. Our review of the entire record reveals that at best, their relationship has been stormy, including excessive alcohol consumption and occasional violence. Most of the testimony from the parties, including the testimony regarding the assets and liabilities of the parties before, during, and after this marriage, conflicts.
It is the duty of the trial court, which receives the conflicting evidence ore tenus, to resolve the conflict and render a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). We find no abuse of discretion by the trial court and therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.