This is a divorce case.
The record reveals that Charles A. and Marjorie Parrish were married in 1962 and that during the marriage, the wife operated several small businesses, at least one of which was initially a joint venture with her husband. The wife was injured in an automobile accident in November 1987, from which she claims to have suffered head, eye, and brain stem injuries. In September 1990, the husband instituted involuntary commitment proceedings against the wife, and in October 1990 the wife was committed to the State Board of Mental Health and Mental Retardation (Mental Health) for treatment and the husband was named conservator of her affairs. She was released approximately four months later.
The husband filed for divorce and, in an abundance of caution, requested that a guardian ad litem be appointed to protect the wife's interests, since the wife had previously been committed to Mental Health. The wife, in her answer, denied that she had suffered from a mental illness. The trial court appointed the wife's attorney as guardian ad litem, and it granted the husband's motion to be released as his wife's conservator, due to his conflict of interest. The trial court divorced the parties in February 1992, and, inter alia, awarded ownership of the parties' house and surrounding land to the husband, subject to a mortgage; awarded the wife periodic alimony and alimony in gross; and ordered the wife to assume liability for her business debts. The wife appeals. *Page 1038 
The wife contends on appeal that the trial court abused its discretion in its division of the marital assets, its award of alimony, and in its holding the wife responsible for the business debts.
At the outset, we note that the judgment of a trial court following an ore tenus proceeding is presumed to be correct and will not be reversed absent plain and palpable error. Hamby v.Hamby, 575 So.2d 580 (Ala.Civ.App. 1991). Further, matters involving alimony and property settlement incident to divorce are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused. Kelley v. Kelley, 579 So.2d 1362
(Ala.Civ.App. 1991). The issues concerning alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). The property division need not be equal, but must be equitable, and a determination of what is equitable rests within the broad discretion of the trial court. Daugherty v. Daugherty,579 So.2d 1377 (Ala.Civ.App. 1991); Kelley, supra.
The wife first claims that the trial court's division of marital property was unfair and that the trial court erred in holding her liable for the business debts. A trial court's division of property must be equitable under the particular circumstances of each case. Daugherty, supra. We have carefully reviewed the record and find that the trial court's property division was not inequitable.
The wife further contends that the trial court erred in ordering her responsible for the business debts. The record indicates that the wife operated several small businesses, which accumulated debts of approximately $180,000. The wife argues on appeal that the businesses were joint ventures for which the parties should be equally liable and that the businesses were profitable prior to the wife's involuntary civil commitment and the husband's conservatorship. We do not agree.
There was testimony that the parties lived in separate cities while the wife operated the businesses and that the husband was not involved in the businesses. The parties' daughter, who worked as a bookkeeper in the businesses, testified that prior to the wife's commitment, the businesses were unable to meet expenses and that the businesses were in debt. The husband testified that he first became aware of the businesses' liabilities, including unpaid taxes, when he became conservator of her matters. The husband testified that he thought his wife abused a power of attorney he had granted her. After reviewing the totality of the circumstances, we find no abuse of discretion by the trial court in ordering the wife liable for the business debts.
Last, the wife argues that the trial court's award of alimony is inadequate. The trial court awarded the wife $15,000 alimony in gross, plus periodic alimony of $250 a month for 36 months, while reserving jurisdiction to extend the periodic alimony for a longer period, if needed. The law is clear that the matter of alimony is within the sound discretion of the trial court and that the exercise of that discretion will not be disturbed absent an abuse of discretion. Montgomery, supra. The trial court may consider many factors in making an alimony award, including the conduct of the parties. Kelley, supra. The husband testified that he earned approximately $25,000 the previous year but had only recently returned to work from a layoff. The wife testified that since the failure of her businesses, she has sold some jewelry and some electronic equipment. The daughter testified that the wife is an accomplished saleswoman.
In our thorough and careful review of the record, we find no abuse of discretion by the trial court. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 1039