Although the wife contends that the trial courtfailed to reserve alimony, my reading of this record and the resulting judgment disclose that the trial court considered the matter of alimony and denied it. It is well settled that the matter of alimony, including reserving the right to award future periodic alimony based upon future considerations, lies within the discretion of the trial court, and, absent an abuse of that discretion, this court will not reverse the trial court's determination. Pilgrim v. Pilgrim, 596 So.2d 942
(Ala.Civ.App. 1992). While some disparities in income and employment of the parties may exist, it is clear that the trial court properly considered the totality of the circumstances, including the interrelationship of an alimony award and a property division. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Furthermore, a trial court's determination that is based upon ore tenus evidence is presumed correct. See Montgomery, 519 So.2d 525. The wife has simply failed to disclose error in the trial court's determination in this regard.