745 So.2d 880 (1999)
Ted E. TURNER
v.
Joy D. TURNER.
2980177.
Court of Civil Appeals of Alabama.
On Application for Rehearing July 16, 1999.
Certiorari Denied October 15, 1999.
*881 Claude D. Boone, Mobile, for appellant.
Robert E. Gibney, Mobile, for appellee.
Alabama Supreme Court 1981870.

On Application for Rehearing
THOMPSON, Judge.
The opinion of June 4, 1999, is withdrawn, and the following is substituted therefor:
Ted E. Turner sued his wife, Joy D. Turner, for a divorce. They have two children, one of whom had reached the age of majority at the time of trial. The trial court entered a divorce judgment awarding custody of the parties' minor son to the wife, ordering the husband to pay alimony and child support, and dividing the parties' marital property. The husband filed a postjudgment motion; the trial court denied that motion. The husband appealed the trial court's property division and its award of alimony, child support, and an attorney fee.
"A divorce judgment based on ore tenus evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). This presumption of correctness is based, in part, on the trial court's unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986)."
O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala. Civ.App.1996) (quoting Albertson v. Albertson, 678 So.2d 118, 119-20 (Ala.Civ.App. 1995)).
Further, a trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala. Civ.App.1993). On appeal, the issues of alimony and property division must be considered together; the trial court's judgment as to those issues will not be disturbed absent a finding that the judgment is so unsupported by the evidence as to amount to an abuse of discretion. Id. The property division need not be equal, but it must be equitable. Id. The factors the trial court should consider in dividing the marital property include "the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property." Covington v. Covington, 675 So.2d 436, 438 (Ala.Civ.App.1996).
The record indicates that the parties were married in 1967. In 1972, the parties agreed that the wife would quit work and stay at home to care for the parties' children. In February 1984, the husband resigned from his job, at which he had earned a salary of $70,000 per year, in order to start his own computer consulting business. Around this time, the couple began seeing a marriage counselor. During *882 one of the counseling sessions, the husband informed the wife that he had had a brief affair in 1968.
In 1985, the husband became interested in becoming a minister. He attended several informational sessions at a school in Kansas. During one of those sessions, the husband had a two-week affair with another woman.
In 1986 or 1987, the husband enrolled in the school in Kansas in order to become an ordained minister. The wife and the parties' children continued to live in Mobile. During this time, the wife returned to school to obtain her master's degree.
It was during this period that the parties again began experiencing marital difficulties. In June 1989, the husband returned to Mobile. The parties were unable to resolve their differences, and in February 1990 the husband asked the wife for a divorce. The parties separated. However, neither party initiated divorce proceedings. The husband testified that the wife did not want a divorce and avoided his attempts to discuss a divorce. The husband testified that the parties agreed they could engage in sexual relations with others during their separation; the wife denied that the parties had such an agreement. The husband admitted having relationships with other women during the parties' separation.
The parties have not lived together since February 1990. However, between 1990 and 1994, the husband occasionally stayed overnight at the marital home and the couple had sexual relations. The husband filed a complaint for a divorce in November 1997. The wife counterclaimed for a divorce on the grounds of the husband's adultery.
After the parties' separation, the husband continued to operate his computer consulting business; he also earned several thousand dollars per year as an ordained minister. At the time of the trial, the husband's computer consulting business had failed and its operations had ceased. The husband began purchasing, renovating, and renting or selling real estate; he purchased all of the real estate properties in his own name. The husband testified regarding the values of those properties and the debt on each of the properties. The record indicates that the real estate investments awarded to the husband in the divorce judgment have a total value of approximately $700,000 and that the total debt on those properties is approximately $535,000.
At the time of trial, the husband was 55 years old. He reported on his CS-41 form (see Rule 32, Ala. R. Jud. Admin.) that he had no monthly income. The husband testified at trial that he lived off either the rental income from his real estate investments or funds obtained from borrowing on those properties. The husband reported losses on his real estate investments for every year except for one year, in which he reported a $178,000 profit on the sale of a parcel of real estate.
At the time of trial, the wife was 52 years old and earned $3,291 per month. At the end of June 1998, the wife's IRA account was valued at approximately $31,000. The husband testified that he did not know the value of his retirement account with the company that had employed him for 17 years.
The parties are joint owners of the marital residence; the husband testified the marital residence was worth $225,000; it was subject to a mortgage securing a debt of approximately $93,000. The husband testified at trial that he was not asking for any equity in the marital residence. The parties also own a rental house; the husband testified the rental house was worth approximately $45,000 and was subject to a $6,000 mortgage. During the parties' separation, the wife paid the mortgage on the marital home and the husband paid the mortgage on, and received the rent from, the rental house.
*883 During the parties' eight-year separation, the husband provided the family a monthly "allowance." Initially, the husband contributed $1,600 per month, but as the wife's income increased, he decreased his monthly contribution. At the time of trial, the husband paid the wife $500 per month. The husband also paid for the majority of the college expenses of the parties' daughter.
The husband argues that the trial court erred in fashioning its property division and in its award of alimony in gross to the wife. The trial court awarded the wife possession of, and the equity in, the marital home; the furnishings in the home, valued at approximately $50,000; all of her retirement benefits; 40% of the husband's retirement benefits; $75,000 as alimony in gross; and a 15-acre parcel of real estate purchased by the husband after the parties' separation that had an equity of $95,000. The husband was awarded the parties' rental house; several antique automobiles, valued at approximately $35,000; 60% of his retirement benefits; and all of the parcels of real estate in which he had invested, except for the 15-acre parcel awarded to the wife.
The husband argues that the trial court erred in awarding the wife the majority of the "jointly" owned assets and in awarding her a parcel of real estate from his "separate estate." However, it is undisputed that the husband acquired all of his real estate investments during the parties' marriage.
Excluding the husband's retirement benefits, the divorce judgment provides that the wife receive assets valued at approximately $475,000, subject to $118,000 in debt. The husband received assets valued at approximately $782,000, subject to debt of approximately $541,000. The property division need not be equal, only equitable. Parrish v. Parrish, supra. We cannot say that the trial court abused its discretion in its property division and its award of alimony.
The husband also argues that the trial court erred in awarding the wife a $5,000 attorney fee. The award of an attorney fee in a divorce case is within the discretion of the trial court. Slater v. Slater, 587 So.2d 376 (Ala.Civ.App.1991). We cannot say, given the facts of this case, that the trial court abused its discretion in its award of an attorney fee.
The trial court, in calculating the husband's child-support obligation, imputed income of $70,000 per year to the husband. The husband argues that the trial court erred in imputing that amount of income to him. The Child Support Guidelines provide that:
"If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income. In determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent's recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community."
Rule 32(B)(5), Ala. R. Jud. Admin.
The trial court did not make the explicit finding that the husband was voluntarily unemployed or underemployed. However, we conclude that such a finding is implicit in the language of the trial court's judgment. See Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App.1997). Further, the husband did not make this argument on appeal; the husband argues only that the trial court erred in the amount of income it imputed to him.
The husband submitted to the trial court an affidavit in which he stated that he was earning no monthly income. At trial, the husband testified that he did have *884 rental income but that his rental properties operated at a loss. The husband argues that he earned $70,000 per year in 1984 and that that period was too remote in time to support the trial court's imputing that income level to him. However, this argument ignores the trial court's other factual findings regarding the husband's ability to earn: "[The husband] is in the real estate business and the computer field and has maintained a life style which has allowed him to accumulate assets while paying the bills for his needs and contributing to the bills of the [wife] and children." We cannot say, given the evidence in the record, that the trial court erred in imputing income of $70,000 per year to the husband.
The husband next argues that, assuming the trial court correctly imputed the $70,000 per year in income to him, the trial court's child-support calculation was in error. We agree.
We note that neither party filed a Child Support Guidelines form (CS-42) in the trial court and that the trial court did not incorporate such a form in its judgment. Rule 32(E), Ala. R. Jud. Admin., provides that "[a] standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations ... and shall be deemed to be incorporated by reference in the court's child support order."
The trial court ordered the husband to pay $950 per month in child support for the parties' minor son. The parties' combined gross monthly income is $9,124 per month, which would result in a basic child-support obligation for one child of $951 per month. To that amount, the costs of child care and health insurance must be added to arrive at the total child-support obligation. Rule 32(C)(2), Ala. R. Jud. Admin. "The total child support obligation shall be divided between the parties in proportion to their adjusted gross incomes." Rule 32(C)(2). The trial court failed to consider the costs of child care and health insurance, and it failed to determine the husband's portion of the total child-support obligation. We reverse that portion of the judgment setting the husband's child support-obligation and remand the case to the trial court to recalculate the husband's child-support obligation in compliance with the Child Support Guidelines, particularly Rule 32(E), Ala. R. Jud. Admin. See Martin v. Martin, 637 So.2d 901 (Ala.Civ.App. 1994). Otherwise, the judgment is affirmed.
The wife's request for an attorney fee is denied.
OPINION OF JUNE 4, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.