THOMPSON, Judge.
Coleeta V. Strain and Stanley Edward Strain were married on December 22, 1957, in Waynesboro, Mississippi. The wife sued for divorce in 1999. After hearing ore tenus evidence, the trial court en *806 tered a judgment that divorced the parties, divided their property, and awarded the husband periodic alimony. The wife filed a postjudgment motion. The trial court denied that motion on August 15, 2000. The wife appealed.
The record indicates that the parties were married for 42 years. The parties separated when the wife moved out of the parties’ condominium in Orange Beach. She moved to Birmingham to an apartment to be closer to her family. The wife accused the husband of adultery and excessive drinking.
Before moving to Orange Beach in March 1998, the parties had owned a marital residence in Hueytown and then in Bessemer. They acquired the condominium in October 1989, approximately 10 years before moving to Orange Beach. At the time of the divorce proceedings, they owed approximately $17,000 on the condominium. They also had a line of credit on the condominium, on which they owed approximately $56,000. The wife testified that the condominium was worth approximately $365,000; the husband testified that the condominium was worth approximately $342,000.
During the marriage, the wife worked for a jewelry company and for a loan company before working for Guardian Life Insurance Company. She retired from Guardian in December 1998, after working for it for 30 years. For her last 10 years of employment at Guardian, she was a regional sales manager. Her sales territory encompassed three states. Her top salary while at Guardian was $175,000 per year. Since her retirement, she has received $6,000 per month in pension benefits from Guardian and $1,168 per month in Social Security benefits.
While the parties were married, the husband worked for United States Steel Corporation until he retired in 1983 or 1984. He retired when he was 53 years old, because the employer closed its engineering department. Thereafter, he worked for Shoel Engineering Company for two years and then for Holmes Oil Company for a short period of time. At the time of trial, he too was retired. He receives approximately $1,500 per month in pension and Social Security benefits.
The wife testified that she owes approximately $5,000 on her Mastercard credit-card account. She canceled her American Express credit-card account during the pendency of these proceedings because the husband had continued to charge items on that account. The husband testified that he used the line of credit to pay his attorney fees. Both parties drive automobiles that were paid for with the line of credit secured by the condominium. The wife drives a 1998 Cadillac automobile, and the husband drives a 1988 Mercedes SL automobile.
At the time of trial, the wife had a 401(k) plan with Guardian. That account was valued at approximately $948,000. The husband testified that he had cashed in several IRAs over the course of the marriage to pay joint debts. He testified that he had received approximately $13,000 from asbestosis litigation and that he had inherited approximately $50,000 from his mother and uncle. He testified that he had used both the asbestosis proceeds and the inherited money to pay the parties’ bills. The parties also jointly owned an apartment complex in Camden.
The trial court ordered that the marital residence be sold and the equity split between the parties. In the alternative, the husband could purchase the condominium for $365,000 if he did so within 60 days of the entry of the judgment of divorce. Pending the sale of the condominium, the husband was responsible for making the *807 mortgage payments if he continued to reside there. If he did not continue to reside there, then the parties were to equally split the mortgage payment. The wife was ordered to pay the assessments on the condominium. The husband was ordered to pay the maintenance fees and utilities. The trial court ordered that the equity line on the condominium terminated. The wife was ordered to make the payments on the equity line until the condominium was sold. Under the judgment, she was entitled to a credit for those payments against the proceeds of the sale of the condominium.
In its judgment, the trial court also awarded the husband the Mercedes and the wife the Cadillac. The trial court awarded the husband one-half of the wife’s 401 (k) plan. The trial court awarded both parties their individual pension and Social Security benefits. Both parties were awarded a one-half interest in the apartment complex in Camden. The trial court awarded the husband any proceeds remaining from his asbestosis lawsuit. The trial court also awarded the husband $1,300 per month in periodic alimony.
The trial court’s judgment made the wife responsible for her Mastercard and American Express credit-card accounts. The husband was responsible for any debt incurred in his own name.
The wife argues that the trial court erred in its property division and in its award of periodic alimony. Therefore, we must determine whether the trial court abused its discretion in its division of the marital property and in its award of alimony.
In a divorce judgment, the trial court’s judgment is afforded a presumption of correctness and will not be disturbed unless it is plainly and palpably wrong. Brown v. Brown, 719 So.2d 228 (Ala.Civ. App.1998); Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). This presumption of correctness is based upon the trial court’s unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986).
It is well established that matters such as alimony and property division incident to a divorce are within the discretion of the trial court and that its ruling on these matters will not be reversed absent a showing of plain and palpable error. Montgomery, supra; Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). In making its determination regarding alimony and property division, the trial court should consider “the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party’s potential for maintaining the‘standard after the divorce, the value and type of property they own, and the source of their common property.” Covington v. Covington, 675 So.2d 436, 438 (Ala.Civ.App.1996); see also Lutz v. Lutz, 485 So.2d 1174 (Ala. Civ.App.1986). A division of marital property and an award of periodic alimony are interrelated; therefore, in determining whether the trial court abused its discretion regarding either issue, we must consider the entire judgment. Barnes v. Barnes, 521 So.2d 58 (Ala.Civ.App.1988); Montgomery, supra. Furthermore, a divi sion of property is not required to be equal, but it must be equitable according to the particular facts and circumstances of the case. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996); Parrish, supra. The determination of what is equitable is within the broad discretion of the trial court. Id. Moreover, “funds paid into a retirement plan [by the wife] are an asset of the [wife] which may be considered by the court in effecting an equitable property division or in making an award of alimony in gross.” Powell v. Powell, 628 So.2d 832, *808 834 (Ala.Civ.App.1993)(citing Nelson v. Nelson, 628 So.2d 798 (Ala.Civ.App.1993)).
The parties were married for 42 years. Both parties worked throughout the marriage. It is undisputed that for the last 20 years of the marriage, the wife earned more money than the husband. At the time of trial, the wife was 62 years old and the husband was 67 years old.
The record does not indicate how much the parties paid for the condominium. But, provided that the condominium sells for $365,000, then after the mortgage debt of $17,000 is satisfied and the equity line of $56,000 is terminated, the parties will equally divide approximately $292,000.
The wife was awarded half the equity in the home, plus half of her 401(k), with that portion being valued at approximately $474,000. She also received her automobile, which the parties had bought in 1998 for $41,000. Furthermore, she receives over $7,000 per month in pension and Social Security benefits. She was ordered to pay approximately $5,000 in debt plus the mortgage payment and equity-line payment on the condominium, for which she will get a credit once the condominium is sold.
The husband was awarded half of the equity in the home, plus half of the wife’s 401(k), with that portion being valued at approximately $474,000. He was also awarded his automobile, which he testified was worth substantially less than the 1998 Cadillac that the wife was awarded. He receives approximately $1,500 monthly in pension and Social Security benefits and $1,300 per month in alimony.
During the first 20 years of the marriage, the husband and the wife earned similar salaries. The wife testified that in the early years of the marriage, the husband earned more money than she did. However, after a few years, the wife began earning more than the husband and the parties began maintaining separate accounts. Neither party brought substantial assets into the marriage.
The husband testified that when the wife became a regional sales manager for Guardian he began doing more around the house to support his wife, such as running errands, cleaning, and cooking. He also testified that the reason he did not have a retirement account set up was because his salary was always used to pay the parties’ joint debts.
Although the husband admitted to having an affair, he testified that he felt his wife had forgiven him because the alleged affair had occurred at least 10 years before she sued for a divorce. It appears from the record that the trial court was not convinced that the infidelity was the cause of the marital problems.
As to the wife’s allegation that he drank excessively, the husband testified that he had a couple of drinks in the afternoons around 4:00 p.m. at a bar across from the parties’ condominium in Orange Beach, but that he rarely had any drinks past 6:00 p.m., which was the time his wife expected him home for dinner. He also stated that he rarely drank in the parties’ condominium. He testified that while he was working for United States Steel, he and several of the other civil engineers would get one beer after work on occasion.
Given the ages of the parties, the length of their marriage, the disparity in their monthly incomes, and the standard of living they previously maintained, we conclude that the property division and the alimony award were not inequitable. See Parrish v. Parrish, supra. Given the broad discretion accorded the trial judge in the division of marital property and the award of periodic alimony and given the evidence presented, we cannot say the trial *809 court erred in its division of the marital property or its award of periodic alimony to the husband.
The husband’s request for an attorney fee on appeal is denied.
AFFIRMED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ„ concur.