This is the second time this appeal has been before this court. SeeRobinson v. Robinson, 795 So.2d 729 (Ala.Civ.App. 2001) ("Robinson I"). The wife, age 42, sued the husband, age 39, for a divorce, seeking custody of the parties' minor son, a division of the marital property, alimony, and child support. The trial court awarded joint custody of the son to the parties, with primary physical custody in the wife, and awarded visitation privileges to the husband. As periodic alimony, the trial court ordered that the husband pay health insurance for the wife for a period of 36 months. The trial court further ordered the husband to pay child support in the monthly amount of $582.
The parties' marital residence is located on an 8.2 acre parcel of property on which are also located a plant nursery business operated by the wife and a recycling business operated by the husband. In the trial court's original judgment the wife was awarded the following property: the parties' martial residence, which was valued at $81,000, but which was subject to a first mortgage indebtedness of $50,000 for which the wife was ordered to be responsible; two parcels of property in Coosa County that were together valued at $30,000, but that were subject to a mortgage indebtedness of $10,000 for which the wife was ordered to be responsible; the *Page 182 
wife's plant nursery business, valued at $15,000; and $51,820 out of the husband's retirement account. The husband received his recycling business, valued at $25,000, located on the marital property and which he would have to move at his own expense, and the remainder of his retirement account, valued at $46,680. The husband also was made responsible for paying a $30,000 second mortgage indebtedness on the marital home.
This court reversed the trial court's judgment and remanded the cause to the trial court for it to recalculate the amount of child support in compliance with Rule 32(E), Ala. R. Jud. Admin., or to enter a written finding indicating why an application of those guidelines would be inequitable. In addition, the trial court was directed on remand to fashion a more equitable property division that would comply with §30-2-51, Ala. Code 1975.
On remand, the trial court entered an order modifying the property division and the child-support obligation as follows: The wife was awarded the marital residence and the nursery business and the land on which the residence and both the nursery and recycling businesses are currently located. The wife was obligated to pay the first mortgage on the marital residence, as well as $6,000 of the principal balance owed on the second mortgage indebtedness applicable to the marital residence. The husband was obligated to pay the remainder of the principal balance owed on that mortgage indebtedness, or approximately $24,000.[1] The wife was awarded the Coosa County property valued at approximately $30,000, and subject to a $10,000 mortgage. The husband was awarded the recycling business and was given six months to move the business from the property at his expense. The husband was directed to transfer to the wife $30,894 from the husband's retirement account by a Qualified Domestic Relations Order. The husband retained the remaining $67,606 of his retirement account. In addition, the husband was directed to pay to the wife the sum of $3,957 as an attorney fee. The trial court further directed the husband to pay the amount of $465[2] per month as child support.
The husband filed a postjudgment motion asserting that the trial court's modified property division, combined with the original alimony award, was inequitable. The trial court never ruled on the husband's motion. On August 6, 2001, several days before the date on which the husband's postjudgment motion would have been denied by operation of law, the husband filed a motion to stay the trial court's judgment and the trial court granted that motion on the same date. Also on that date, the husband filed a notice of appeal, *Page 183 
contesting the property division and the apportionment of debt, the wife's attorney fee, and the alimony award. No appeal was taken from the child-support provision of the trial court's order after remand.
The case action summary sheet reflects that on September 6, 2001, the trial court purported to rule on the husband's postjudgment motion, entering an order directing him to pay the amount of $200 per month toward satisfaction of the first mortgage indebtedness applicable to the marital home. The record reflects that the trial court failed to rule on the husband's postjudgment motion within 90 days from the date it was filed — i.e., on or before August 13, 2001. The record contains no indication that the parties consented to an extension of time for the trial court to rule on the husband's motion. See Rule 59.1, Ala.R.Civ.P. Consequently, the husband's postjudgment motion was deemed denied by operation of law under Rule 59.1, Ala.R.Civ.P., and the trial court lost jurisdiction to rule on it. Ex parte Hornsby, 663 So.2d 966, 967 (Ala. 1995); Ex parte Johnson Land Co., 561 So.2d 506 (Ala. 1990). Therefore, the September 6, 2001, order is a nullity.
The husband contests the alimony award, which consists of monthly health-care insurance premiums, and the revised property division and debt allocation; the husband argues that these provisions, combined, are unjust and inequitable.
We first note that the reduced award to the wife of approximately one-third of the husband's retirement plan through a "Qualified Domestic Relations Order" ("QDRO") complies with § 30-2-51, Ala. Code 1975, and seems reasonable in light of the fact that the parties were married for 13 years and the fact that the wife had liquidated her retirement plan to make a down payment on the marital home. Further, the trial court's use of a QDRO will protect the husband against any unintended tax penalty. In addition, the wife was ordered to pay an additional $6,000 of the second mortgage, reducing the husband's debt obligation to $24,000. Finally, the husband was ordered to pay to the wife an attorney fee in the amount of $3,957.
Matters such as alimony and property division are within the sound discretion of the trial court, and that court's rulings on such matters will not be reversed absent a showing of plain and palpable error.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987); Parrish v.Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). On appeal, because a division of marital property and an award of periodic alimony are interrelated, those issues must be considered together. Barnes v.Barnes, 521 So.2d 58 (Ala.Civ.App. 1988); Montgomery, supra. The trial court's rulings on those issues will not be reversed absent a finding that the rulings are not supported by the evidence and, thus, that they amount to an abuse of discretion. Parrish, supra. A division of property is not required to be equal, but it must be equitable, according to the particular facts and circumstances of the case. Golden v. Golden,681 So.2d 605 (Ala.Civ.App. 1996); Parrish, supra. In dividing the marital property, the trial court should consider "the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property."Covington v. Covington, 675 So.2d 436, 438 (Ala.Civ.App. 1996). Further, no rigid standard governs what a trial court may award in a property division; the trial court is free to consider the unique facts and circumstances of each individual case in fashioning an award. *Page 184 Brewer v. Brewer, 695 So.2d 1 (Ala.Civ.App. 1996). Finally, this court must accord the trial court's judgment with a presumption of correctness because it bases its judgment on factual findings based on evidence presented in ore tenus proceedings. The ore tenus rule is based on the trial court's unique position to observe witnesses and to evaluate their demeanor and credibility. Kennedy v. Kennedy, 743 So.2d 487
(Ala.Civ.App. 1999).
The record reflects that the marital residence is located on an 8.2-acre tract of land. Both the recycling business and the nursery business are located on the property. The wife uses a pond that is connected to a pump and an irrigation system on the property to water her nursery plants. At the trial of this matter, the wife and her business partner testified that the husband, as a means of harassing the wife, continually interfered with her business operation by obstructing the drive to her business, cutting off the power source to the pump to the pond and locking it down, placing the garden inventory at risk, and placing unsightly scrap metal around the nursery. The husband did not deny these allegations. The trial court could have concluded that, based upon expert witness testimony, although some cost was attached to moving the scrap-metal business, the recycling building was built of "bolt together construction" and would be a simple matter to relocate.
Although the wife submitted no CS-41 income affidavit, the parties did submit annual net income figures based on their 1997 and 1998 income tax returns. The wife earned $8,587 in 1997 and $12,456 in 1998. The husband earned $39,238 in 1997 and $63,933 in 1998. It is clear from the evidence presented that the husband earns approximately three times the annual income the wife earns.
In light of the disparity of incomes, the investment of the proceeds from the wife's retirement fund into the marital estate, the evidence of the husband's continuous harassment of the wife's business and the relative ease of relocating the scrap metal business, and taking into consideration the ore tenus presumption accorded the trial court's factual findings, we cannot say that the trial court was plainly and palpably wrong in dividing the marital property, allocating the marital debt, and maintaining the alimony award from the original divorce judgment.
As for the attorney fee awarded to the wife, it is well-established that attorney fees in divorce actions rest within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Campbell v. Tolbert, 656 So.2d 828 (Ala.Civ.App. 1994). The trial court's order after remand is due to be affirmed.
The wife's request for the award of an attorney fee on appeal is denied.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] The evidence presented at trial demonstrated that the second mortgage was really an equity line of credit, which was taken out to provide capital to start the husband's recycling business.
[2] This amount reflects a downward adjustment from the monthly $582 child-support amount ordered in the initial divorce judgment. This court's order on remand directed the trial court to enter an order that complied with Rule 32, Ala. R. Jud. Admin., or to enter a written finding showing why the application of the guidelines would work an injustice. The mother never filed a CS-41 income affidavit; however, both parties allege in their pleadings and briefs to this court that after thejudgment on remand was entered, they entered into an agreement to change physical custody of the minor son to the father; the parties further agreed that the father would cease paying child support and that the mother would begin paying child support in the amount of $250 per month. In any event, because neither party has appealed from the trial court's child-support provision of its order after remand, that issue is not before this court.