THOMPSON, Presiding Judge,
concurring in the result in part and dissenting in part.
After reviewing the record on appeal, I believe that the trial court erred in reaching its property division and alimony award. It is well settled that a property division must be equitable, not equal. Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App.1996); Parrish v. Parrish, 617 So.2d 1036, 1038 (Ala.Civ.App.1993); see also Kovakas v. Kovakas, 12 So.3d 693, 700 (Ala.Civ.App.2008) (a property division and alimony award must be equitable under the particular facts of the case). Further, in fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v. Robinson, 795 So.2d 729, 734 (Ala.Civ.App.2001).
In this case, the record indicates that the parties married after the husband finished his first year of law school and that the wife worked and supported the couple during his last two years of law school. The parties were married for more than 25 years. The husband’s future earning prospects are significantly higher than those of the wife, who is disabled.
Given the facts of this case, I must respectfully dissent from the main opinion’s affirmance of the trial court’s property division and alimony award. I concur in the result with regard to the issue of child support.