Rel: April 28, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0952

_____

### Mary Friend

### v.

### Floyd Lamar Friend

### Appeal from Jefferson Circuit Court, Bessemer Division
### (DR-20-900125)

THOMPSON, Presiding Judge.

Mary Friend ("the wife") appeals from a judgment entered by the Jefferson Circuit Court, Bessemer Division, divorcing her from Floyd Lamar Friend ("the husband"). We reverse and remand.

On May 11, 2020, the wife filed a complaint seeking a divorce from the husband on the ground that an irretrievable breakdown in their marriage had occurred. The wife asked the trial court to award her, among other things, the marital residence, one-half of the value of the husband's retirement account, periodic and rehabilitative alimony, and an attorney fee. Thereafter, the husband filed an answer and a counterclaim, asking the trial court to divorce the parties and to divide equitably the parties' real property and personal property. The wife filed an answer to the husband's counterclaim.

On November 17, 2021, the trial court conducted a trial. Evidence was presented that the parties married in September 1998, separated in July 2021, and have one child who reached the age of majority after the filing of the divorce complaint but before the trial was conducted. The wife testified that she currently lived in the marital residence, which, she testified, was valued at $145,690 but needed substantial, costly repairs. She stated that the house needed a deck, that due to issues with the foundation the basement flooded when it rained heavily, that the pipes leaked, and that one of the bathrooms had consistent drainage issues. When asked about the cost to repair the foundation, the wife responded

that it would be approximately $26,000. She further explained that the house was built in 1972 and that most of the appliances needed replacing. The husband testified that he did not believe the house needed substantial repairs. He admitted that he had removed the deck approximately ten years ago because it was a safety hazard and stated that it had not been replaced because the parties had not been able to decide whether to build another deck or landscape the area.

The wife testified that she was 52 years old and had been diagnosed with depression at the age of 12 and bipolar disorder at the age of 22. She stated that the husband was aware of these diagnoses when they married. She explained that she is under the care of a psychiatrist for her bipolar disorder and that she takes three medications daily. According to the husband, in 2014, the wife had an episode of paranoia at a gas station in Texas during which she informed other customers that the husband was kidnapping her and the son. He stated that law-enforcement officers were called and that, fortunately, the wife's sister intervened before he was arrested. The wife testified that she had been hospitalized in 2019 after suffering an episode of paranoia, during which she had kicked the wall, making a hole, and had acted aggressively

3

toward the husband. The husband testified that during that incident, the wife stabbed him with a knife, but he did not call law-enforcement officers. The wife admitted that she had been hospitalized twice in 2020 for having mental issues, including having suicidal tendencies.

The wife testified that she has an associate degree in child development and that she had worked part-time in a day care for about ten years, then full time as a teacher's assistant in a day care for a short period. She stated that she had earned between $10 to $15 per hour at those jobs. Evidence was presented that she had also been employed by a bank and by Blue Cross Blue Shield. She stated that most recently she had been employed as a nanny but that that employment had ended. She testified that she had applied for disability income but had been denied and was currently seeking full-time employment. The trial court admitted into evidence a copy of the wife's 2019 tax return that indicated that the wife's adjusted gross income for that year was $12,200. She explained that she did not have a retirement-savings account because, approximately 18 years earlier, she had cashed out the assets in her 401(k) retirement account and given the funds to the husband to pay their delinquent bills.

4

The wife testified that the husband, who had worked for Mercedes-Benz since 1997, earned between $85,000 to $100,000 per year, received funds from a family trust, and had a 401(k) retirement account with Mercedes-Benz valued at $257,259.25 as of May 2020, when she filed the divorce complaint. The wife explained that the husband had used income from the family trust to pay for two years of their child's secondary private-school education, a two-week family vacation to Europe in 2017, and a family vacation to Walt Disney World in 2015.

The husband testified that his gross income from Mercedes-Benz in 2019 was $86,966; his 2020 tax return, which was admitted into evidence, indicated that his net wages for 2020 were $81,714.14. The husband stated that the value of the funds in his retirement account as of April 1, 2020, was $319,443.10, and that between April 1 and April 30, 2020, he had withdrawn $63,954 from that account. He admitted that in May 2020, he also had an account with TD Ameritrade with assets in the amount of $15,047.56 and at least two savings accounts. Documents were admitted into evidence indicating that between $20,000 and $40,000 was in those savings accounts at one time. The husband, however, testified that at most $200 was in those accounts at the time of

trial. He admitted that he was a beneficiary of a family trust and had received financial assistance from that trust but denied that any of those funds were used for the benefit of his marriage. The husband testified that he did not have access to the funds in the trust because those funds were invested. The husband testified that he was responsible for the family's bills and admitted that he and the wife had filed for bankruptcy several years ago. He testified that he drives a 2009 Lexus vehicle and that his monthly expenses were $1,116.26.

With regard to the breakdown of the marriage, the wife testified that the husband engaged in gambling and had taken out numerous loans and had pawned some of her jewelry to repay his debts. The husband stated that it had been over 15 years since he had visited a casino, denied any gambling debt, and denied having pawned the wife's jewelry. The wife further testified that after she had found a condom in the husband's luggage when he returned from a work trip to Germany, the husband had admitted to having visited with prostitutes on that trip. She stated that she had also found notes indicating that he had bought Valentine's Day gifts for women other than herself. The husband denied being unfaithful to the wife. The husband insisted that the marriage was

irretrievably broken due to the wife's mental illness and her general failure to fulfill her role in the marriage.

The wife testified that because the husband had worked nights and had traveled to Germany for his employer for several two-month periods, she had stayed home and had cared for their child. The wife testified that since the husband left the marital residence in July 2021, the husband had not paid her spousal support but had continued to pay the household expenses and had paid for a repair on the vehicle she drove -- a 2005 Toyota Camry with 300,700 miles on its odometer. She stated that she had paid for her food and that her sister had paid her telephone bill. The wife testified that she needed glasses, medical insurance, and a new vehicle, but, she testified, she did not have the income for those purchases. She testified that she was asking for alimony based on the difference in incomes between her and her husband, so that she could maintain the lifestyle that she had become accustomed to during the marriage.

On March 23, 2022, the trial court entered a final judgment that it amended on March 24, 2022. The amended final judgment, in pertinent part, divorced the parties, awarded the wife the marital residence,

7

awarded the husband certain personal property, awarded the wife the remainder of the personal property, awarded the wife the 2005 Toyota Camry and the husband the 2009 Lexus, awarded the husband his Mercedes-Benz 401(k) retirement account, ordered the husband to pay the wife rehabilitative alimony in the amount of $1,500 for a period of 24 months, and denied each party's request for an attorney fee.

On April 22, 2022, the wife filed a postjudgment motion arguing that the property division and alimony award were inequitable and that the trial court had exceeded its discretion by refusing to award her an attorney fee. The wife's postjudgment motion was denied by operation of law on July 22, 2022. See Rule 59.1, Ala. R. Civ. P. On August 22, 2022, the wife filed a timely notice of appeal. The wife filed an appellant's brief in this court, see Rule 28(a), Ala. R. App. P.; but the husband did not file an appellee's brief as permitted by Rule 28(b), Ala. R. App. P.

The wife on appeal contends that the property division and alimony award are inequitable.

> " 'The issues of property division and alimony are interrelated, and, therefore, they must be considered together on appeal. Albertson v. Albertson, 678 So. 2d 118, 120 (Ala. Civ. App. 1996). When the trial court fashions a property division following the presentation of ore tenus

8

evidence, its judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So. 2d 230, 235 (Ala. Civ. App. 2001); Parrish v. Parrish, 617 So. 2d 1036, 1038 (Ala. Civ. App. 1993); and Hall v. Mazzone, 486 So. 2d 408, 410 (Ala. 1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So. 2d at 1038. In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties' marriage; and the source, value, and type of marital property. Robinson v. Robinson, 795 So. 2d 729, 734 (Ala. Civ. App. 2001).'

"Stone v. Stone, 26 So. 3d 1232, 1236 (Ala. Civ. App. 2009)."

Edwards v. Edwards, [Ms. CL-2022-0584, Dec. 2, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022).

The evidence indicates that the parties were married for 24 years and that the husband possesses a greater earning ability and potential than the wife. In the amended final judgment, the trial court awarded the wife the marital residence, valued at approximately $145,700, the 2005 Toyota Camry, the contents of the marital residence, excepting certain personal property awarded to the husband, and rehabilitative

alimony for 24 months in the amount of $1,500, i.e., $36,000 in total. The trial court awarded the husband ownership of his 401(k) retirement account, valued at $257,259.25, the 2009 Lexus, and certain other personal property. The parties did not present evidence regarding the value of the vehicles or the personal property allocated in the divorce judgment.

The trial court did not provide any findings of fact in its judgment to support its property division and alimony award. In Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021), this court reversed a trial court's judgment because we could not properly review the award. We noted that the trial court in Merrick had failed to comply with the requirement of § 30-2-57, Ala. Code 1975, that a trial court, when determining whether to award periodic or rehabilitative alimony, "make certain express findings after considering the various factors described in § 30-2-57(d)-(f)" and that we could, therefore, not determine the propriety of the award. Merrick, 352 So. 3d at 775. Because the trial court in this case, like the trial court in Merrick, did not make any express findings to explain its alimony award, we are unable to properly review the alimony award in this case to discern whether it is equitable.

Cf. Edwards, supra (noting that the trial court in its amended order made the express findings required by § 30-2-57 and, consequently, this court could review whether the award was equitable). Accordingly, we reverse the trial court's judgment with regard to the alimony award and remand the case to the trial court with instructions that it enter a new judgment making findings of fact in compliance with § 30-2-57. Additionally, because the issues of property division and alimony are interrelated and must be considered together on appeal, see Edwards, supra, we reverse the property division so that it and the alimony award may be considered together. We also pretermit a discussion of the wife's contention that the trial court exceeded its discretion by not awarding her a reasonable attorney fee. Considering our reversal of the trial court's alimony award and property division in their entirety, the party's financial circumstances are undetermined, and we direct the trial court to further consider the issue of an attorney fee award on remand. See Frazier v. Curry, 104 So. 3d 220, 228 (Ala. Civ. App. 2012).

For the foregoing reasons, the trial court's judgment with regard to the alimony award, the property division, and the denial of an attorney-

fee award is reversed, and this case is remanded for proceedings consistent with this opinion.

The wife's request for an attorney fee on appeal is denied.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, and Fridy, JJ., concur.

Moore, J., concurs in the result, without opinion.