Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2023-0909

_____

### Neal G. Whatley

### v.

### Allison H. Whatley

### Appeal from Montgomery Circuit Court
### (DR-21-900613)

MOORE, Presiding Judge.

Neal G. Whatley ("the husband") appeals from a judgment entered by the Montgomery Circuit Court ("the trial court") divorcing him from Allison H. Whatley ("the wife"), dividing the marital property, and

awarding alimony to the wife. We reverse the trial court's judgment and remand the case with instructions.

Procedural History

On October 27, 2021, the husband filed a complaint seeking a divorce from the wife, which he amended on April 28, 2023. On November 22, 2021, the wife filed an answer to the complaint, which she amended on January 10, 2022. After a trial, the trial court entered a judgment on August 28, 2023, divorcing the parties. The judgment, among other things, awarded the wife "periodic alimony in the amount of $3,500 per month for four years (48 months)" and, as part of its property division, awarded the wife $2,414,932 payable in monthly installments over 4 years.

On September 27, 2023, the husband filed a postjudgment motion to alter, amend, or vacate the divorce judgment, challenging, among other things, the alimony and property-division awards. Following a hearing on the husband's postjudgment motion, the trial court entered an order on December 18, 2023, that, among other things, amended the divorce judgment to add certain findings of fact, to reduce the "periodic alimony" to $3,500 per month for "three years (36 months)," and to make

the $2,414,932 award payable in equal installments over 60 months. On December 22, 2023, the husband filed his notice of appeal to this court.

Issues

The husband raises the following issues on appeal: (1) whether the trial court erred in determining the valuation date for the marital estate; (2) whether the trial court erred by relying on a certain exhibit to value the marital estate; (3) whether the trial court's division and distribution of the marital estate was inequitable; (4) whether the trial court erred in awarding alimony to the wife; and (5) whether the trial court erred in ordering the husband to pay for the fees of the wife's expert witness.

The husband failed to raise his fifth argument regarding the payment of the wife's expert's fees before the trial court at any time. Thus, that argument is waived, and we decline to consider the same for the first time on appeal. See Andrews v. Merritt Oil Co., 612 So. 2d 409 (Ala. 1992).

Standard of Review

"The issues of property division and alimony are interrelated, and, therefore, they must be considered together on appeal. Albertson v. Albertson, 678 So. 2d 118, 120 (Ala. Civ. App. 1996). When the trial court fashions a property division following the presentation of ore tenus evidence, its

3

judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So. 2d 230, 235 (Ala. Civ. App. 2001); Parrish v. Parrish, 617 So. 2d 1036, 1038 (Ala. Civ. App. 1993); and Hall v. Mazzone, 486 So. 2d 408, 410 (Ala. 1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So. 2d at 1038. In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties' marriage; and the source, value, and type of marital property. Robinson v. Robinson, 795 So. 2d 729, 734 (Ala. Civ. App. 2001)."

Stone v. Stone, 26 So. 3d 1232, 1236 (Ala. Civ. App. 2009).

Discussion

We first consider the husband's argument on appeal that the trial court erred by awarding the wife "periodic alimony." Section 30-2-57, Ala. Code 1975, provides, in pertinent part:

"(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

4

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g).

"....

"(g) Except upon a finding by the court that a deviation from the time limits of this section is equitably required, a person shall be eligible for periodic alimony for a period not to exceed the length of the marriage, as of the date of the filing

of the complaint, with the exception that if a party is married for 20 years or longer, there shall be no time limit as to his or her eligibility."

In his postjudgment motion, the husband argued that the trial court should either eliminate the award of "periodic alimony" or reduce the amount and duration of the award. He noted that the trial court had failed to make the express findings in its judgment as required by § 30-2-57(a), and he argued that the wife had failed to present evidence in support of each of those findings. In its order granting, in part, the husband's postjudgment motion, the trial court made express findings consistent with § 30-2-57(a) and reduced the duration of the award of "periodic alimony" to 36 months, but it denied all other requested relief regarding the award.

On appeal, the husband characterizes the award of "periodic alimony" as "rehabilitative alimony," mainly because of its short duration and because the trial court did not find that rehabilitative alimony was not feasible, which is a requirement to award periodic alimony. See § 30-2-57(b)(1), Ala. Code 1975. The husband requests that this court review the propriety of the "rehabilitative alimony" award.

6

In Merrick v. Merrick, 352 So. 3d 770 (Ala. Civ. App. 2021), this court considered an award of alimony to the former wife, who had requested rehabilitative alimony. 352 So. 3d at 775. This court noted that the award was consistent with the normal time limitation on rehabilitative alimony as outlined in § 30-2-57(b)(1), but the majority of this court determined, nevertheless, that the award was ambiguous because it purported to award to the former wife "periodic, rehabilitative alimony." Id. The majority observed that the legislature had clearly required that an alimony award be either rehabilitative alimony or periodic alimony; that, to award either type of alimony, the trial court was required to make certain express findings after considering various factors related to the determination of those findings listed in § 30-2-57(a); and that this court could not properly review the award in that case without having the express findings before us as required by § 30-2-57. Id. Accordingly, we reversed the judgment and remanded the case with instructions that the trial court enter a new judgment in compliance with § 30-2-57. Id.

In Lopez v. Rodriguez, 379 So. 3d 455, 461-62 (Ala. Civ. App. 2023), like in Merrick, the award of alimony was for a period of 36 months, and

the testimony presented by the former wife would have supported an award of rehabilitative alimony. However, the trial court in that case "couched its alimony award in terms of it being 'periodic alimony.'" 379 So. 3d at 461. Relying on Merrick, this court acknowledged the legislature's direction that "a trial court must make express findings as to the establishment of the basis for an alimony award and as to the specific type of alimony that is awarded." Id. at 462. Like in Merrick, because this court was unable to properly review the alimony award in that case without having before us the express findings required by § 30-2-57, we reversed the judgment and remanded the case for the trial court to comply with § 30-2-57. Id. Similarly, in White v. Jones, [Ms. CL-2023-0511, Feb. 16, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), this court reversed an award of "periodic alimony" in the amount of $500 per month for a period of 180 months because the trial court in that case had failed to expressly find that rehabilitative alimony was not feasible, as required by § 30-2-57(b).

In this case, we cannot agree with the husband that the award in the present case is clearly rehabilitative alimony. Although the duration of the award could be considered consistent with the period for an award

8

of rehabilitative alimony as outlined in § 30-2-57(b)(1), it could also be considered consistent with an award of periodic alimony limited to the duration of the marriage. See § 30-2-57(g). Similarly, although the wife requested rehabilitative alimony in her testimony, the trial court in the present case couched its award as "periodic alimony." Complicating the matter even further, the trial court did not make those findings required by § 30-2-57(b) that would justify foregoing rehabilitative alimony and awarding periodic alimony. Accordingly, we reverse the trial court's judgment, and we remand the case for the trial court to enter a new judgment clarifying its intention and, if that intention was to award periodic alimony, to make the findings required by § 30-2-57(b). If upon further consideration the trial court deems it necessary, the trial court may reconsider the alimony award and the division of the marital property.

Because we are reversing the judgment for clarification of the alimony award, we pretermit consideration of those arguments raised by the husband related to the property division because "'[t]he issues of property division and alimony are interrelated, and they must be

9

considered together on appeal.'" <u>Lopez</u>, 379 So. 3d at 462 (quoting

<u>Turnbo v. Turnbo</u>, 938 So. 2d 425, 430 (Ala. Civ. App. 2006).

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.